The next case today is Joan Oquendo v. Costco Wholesale Corporation, appeal number 20-1632. Attorney Cobo Estrella, please introduce yourself for the record and proceed with your argument. If you may please record, good morning, this is attorney Cobo Estrella representing plaintiff appellant Joan Oquendo. Plaintiff appellant Joan Oquendo respectfully asked the First Circuit Court of Appeals to vacate the district court's decision and remand her pregnancy discrimination case back to the district court of Puerto Rico for a fact-finding jury trial because district court findings are contrary to proper evidence. Ms. Joan Oquendo was exposed to unnecessary financial stress and socioeconomic hardship of being removed from work because she, through her physician, asked for reasonable accommodation to work daylight while she was five months pregnant. The Pregnancy Discrimination Act was made specifically to protect women like Ms. Joan Oquendo. Mr. Cobo, your client's physician put many restrictions on her physical abilities. She was manager of receiving. But the official job description required that there be some physical labor, which according to... Mr. Cobo, please, I haven't finished asking the question. The job description had some physical demands which her physician said she could not perform. So the question is what was Costco supposed to do with that information? Ignore it? Your Honor, temporary disabilities, usually employers provide reasonable accommodations. In this case, there were several things that Costco could have done. It could have redistributed marginal and non-essential functions. It could have modified her work schedule. Actually, her physician in the work restriction form released her back to work. And she could have been either the only restriction or request that she asked as reasonable accommodation was to work daylight, work during the day, not work night shifts. That was actually the only reasonable accommodation that was asked. And these are the type of things. Costco could have redistributed the marginal and non-essential functions. Lifting was only less than 10% of her jobs. It was considered occasional and non-essential or not infrequent. So lifting, as a management of receiving, she supervised mostly 50 to 60% of her time with supervising other employees who handled the physical labor of receiving. There were three things that Costco could have done. It could have redistributed the marginal and non-essential functions, including the lifting functions. It could have modified her work schedule as her physician had asked, which was to work during the daylight hours. Or it could have temporarily reassigned her to a liability position. These are things that any employer, and Costco particularly, could have done with any employee that had temporary restrictions, lifting restrictions. Council, excuse me, what was the adverse employment action here? She was given... May I please finish the question? As I understand it, she was given a fully paid leave in light of her inability, as Costco saw it, to perform any of the jobs for which she said she was qualified. She got a fully paid leave when she could not come back for the... When the additional leave ended, she was given an additional leave, fully paid. When she came back, and she came back to the kind of position she had before, and I think got a pay increase. I mean, what is the adverse employment action here? Your Honor, there were four things that occurred here. First of all, Ms. John Kendall was removed from work involuntarily. She wanted to continue to work her position, release her back to work. She was five months pregnant, but she still wanted to work. She did not ask for a leave, so she was removed and told to go home, that there was no job or work for her, and she was management material. So, first thing, she was removed involuntarily from work. Secondly, the reasonable accommodation that she had asked for her position, which was to work during the day, Costco never gave her that reasonable accommodation that she asked for. Second... I thought she... They did account... No, Your Honor, that's not... Let me... Counsel, may I please finish? She was given, initially, she's given the day shift that she wants. She also sees a doctor who then says she has certain work restrictions. She presents that to Costco. They conclude that whether she works day or night, she cannot perform the essential functions of the job because of those physical limitations, and only then do they give her this fully paid leave. And the district court says she could not, in light of these restrictions, she could not perform the essential functions of the job. What's the genuine issue of material fact about that conclusion of the district court? All the evidence proper goes to the contrary, Your Honor. First of all, the daylight work shift was offered to her back in April, not in June, when she was asked to remove from work or was excluded. So the daylight work shift was given to her back in April when she was out for a leave, but when she returned back to work in June, she was told that she could not continue to work when she submitted the physician's work restriction forms. The only request or to return to work daylight work shift, and at that time, Costco refused to do that. So, you know, we have a situation where she did not ask for a leave of absence, and because she did not ask for a leave of absence, the reasonable explanation that she asked, at the time she asked, she wasn't given. The evidence, when I mentioned the evidence to the country, this is what really should be submitted to a jury. Joanne's testimony was that she wanted to continue to work. And she was only five months pregnant. She could not continue to work. The work restriction form that was submitted by her physician, and I'm sure her physician was more qualified to determine if she could go back to work or not than Costco, released her to go back to work. And third, which is most important, it's a dominant mission, her supervisory, Patrick Bergeron, testified two things. First, that Joanne was performing her job well up to that point in June, and that she had never complained about lifting. So up to that point, at no time, and these are dominant admissions that were made by her supervisor, who said and testified that he didn't make the decision. Corporate instructed him to remove her from work. So at no time did she complain about lifting anything. And at no time did Patrick Bergeron testify that she could not perform her job. So to determine or to give credibility to the defendant or appellee's version that she could not work with the evidence proper, her testimony, her work restriction form, and most importantly, defense witness testimony, which is Patrick Bergeron, her supervisor testifying that she was performing her job and that she had no complaints about lifting, where does the court come to the conclusion that Costco decides that she cannot lift or she cannot work? May I ask you a question? Yes, Your Honor. Can you explain to me what her theory of damages is? What are her damages? Your Honor, first of all, there are violations of the law here that need to be addressed. The pregnancy protection in Title VII specifically prohibits an employer to take pregnancy and the severity of that pregnancy into consideration when making a decision. In this particular case, at no time did Costco provide evidence that granting any of these other reasonable accommodations or the reasonable accommodations, yes, was any kind of undue hardship to Costco. You know, and in terms of damages, she was initially placed on this involuntary leave without pay. She wasn't paid. She received a check back in December of that year with the payment for the leave after she had filed her EEOC complaint. So, to say that she was paid, she wasn't paid when she was placed on... So, let me ask you a question about that then. So, as I read the district court opinion, there was a finding that she was on fully paid leave, and in trying to calculate that to determine whether that's accurate or not, it seems to me that she was on leave for up to 37 weeks, but was paid for maybe 26 of those weeks. Is that how you see it? So, that maybe she had up to 11 weeks of unpaid leave? Your Honor, she wasn't paid her leave. First, initially when she was removed, she was not paid. When she was removed in June 10, 2016, she wasn't paid. So, have you calculated the amount of time that she wasn't paid? We don't have the numbers here, Your Honor, but that's a matter of the evidence. She testified to that... And did you challenge the finding that she had fully paid leave for the whole time? Your Honor, the reason... Costco provided a payment for this leave after she had to undergo months of not getting paid and had to go to the EEOC and file a discrimination complaint. The fact that Costco tried to make it up or mitigate the damages does not take away the fact that when an employer involuntarily forces an employee to take a leave, particularly because she's pregnant and has lifting restrictions, it violates the law. And this is the issue here. The issue... So, you concede that... Counsel? Yes, Your Honor. So, you acknowledge that she did get... that her leave was ultimately fully paid? I don't believe it was fully paid. I think he testified at that position that some money was owed to her, if I'm not mistaken. But the problem is... So, I'm going to go back to my first question. What are the damages that you're claiming? The anguish and the situation of the hardship that she was placed on when she had to be removed from work. This is a management employee. This is not an entry-level position. This is a When she was removed, she was removed without pay and spent months without receiving any payment until she had to file all the paperwork to ask for a leave because she did not want to. This leave was forced upon her by the employer. She did not want to leave. She wanted to work. It violates the law when you're asking... You know, we're discussing damages, but we're not discussing the fact that the law was violated by the appellee. Because an employer cannot force a person to leave. It violates the law. And this is the point. This is the reason why we're asking. Whether she was involuntary or not, it's an issue that shouldn't have been submitted to a jury. Whether she was replaced by Carlos Tolentino, who happens to be a male employee who was under 40 years of age, outside of her protected age group, and he performed her functions... Mr. Cabo... That violates the law. Those are things that shouldn't have been submitted to the jury. Counsel? Yes, Your Honor. Mr. Cabo, if the case was submitted to a jury, you would have to give the jury some theory as to what damages you're requesting. Of course, Your Honor. So we're trying to figure out if there are wage damages or whether you are saying that there was some kind of pain and suffering theory. What are you saying? Damages is always part of a fine. It should be awarded, Your Honor, whatever amount the jury sees fit based on the violation of the law. Monetary damages would have to be calculated and provided to the jury for them to be determined. But in terms of the loss, you have a situation... Imagine if you were five months pregnant. You were expecting a baby. You were fixing your baby's bedroom. You have medical conditions. You have some medical... Temporary disabilities with this complication with this pregnancy. And all of a sudden, your employer tells you, you have to go home. There's no work for you. We don't want you here. It violates the law. And the fact that it violates the law doesn't take away the fact... Even if Costco submitted a check back in December, six months later, to try to make up for whatever was owed to her, it doesn't take away the fact that the employer broke the law. And just to say that, just because they mitigate some damages later on, six months later, it shouldn't be something that we should just slap it and say, okay, it's okay. Nothing happened here. This is a great company. Costco is a great company. But regrettably, in this particular case, it dropped the ball. So what is the essential issue that you want to try? You want to challenge... Let me pose the question for you, and then you can respond, counsel. Are you saying that you want to be able to challenge Costco's judgment that the medical restrictions placed upon her by the doctor, that those medical restrictions were compatible with the essential conditions of the job, or they could have offered her an accommodation for those restrictions that would still have been compatible with the essential conditions of the job? So you want to say she was still qualified to do the job. Is that your position? Correct, your honor. She was qualified. She testified to that. Her physician, even with the ask, that she would have provided a day work shift to work during the daylight. And her supervisor had no complaints about her lifting. So this is a decision that was made by somebody who wasn't even the person who supervised her. Excuse me, counsel. Are there other questions from the court? No. No, thank you. All right. Thank you, Mr. Cabo. Thank you, your honor. Mr. Cabo, you can please mute your device at this time, audio and video, and attorney Antonetti, if you could unmute your device and introduce yourself on the record to proceed. Good morning, your honor. My name is Vicente Antonetti, and I am here to speak for defendant appellee Costco Wholesale. Yes, please proceed. Your honor, this case, contrary to what opposing counsel has stated, there is no evidence of any discriminatory animus or intent. She actually did not suffer any adverse material adverse consequences as a result of her being placed on a leave of absence due to the fact that her own doctor, when he filled out the job restriction form analysis, placed a number of restrictions on her, which are essential, were and are essential functions of the receiving manager's position, such as she could not kneel, reach above her shoulders, bending, squatting, lifting, and carrying up to 50 pounds. Those were essential functions. They were not all of her functions, but they were essential functions. And as a result of that, when her job restriction form was returned by her doctor, filled out by her own doctor, and this was back in early June, the doctors imposed those restrictions. This was not Costco's doing. Counsel, brother counsel says that they were, those were not essential functions, the ability to, or the requirement that she'd be able to lift those weights. So how do we determine? Because the job description itself, and it's, I believe it's the work restriction form, it's Exhibit 19 in our Statement of Uncontested Facts. So, so counsel is saying that, that the job description itself may be one thing, but that her, her duties, in fact, did not require this manual labor. And, and the question presents, does that present a genuine issue of material fact as to what her job duties actually were? We understand that it does not, your honor, because it is clearly spelled out that she had to perform those essential duties. But she's saying that she didn't. That she, she's saying that she did not have to perform those duties as part of her job, regardless of what her job description said, that she, in fact, did not have to perform those functions. I don't believe that she, in fact, testified to that fact. And that was not challenged in the motion for summary judgment. What is your understanding of her testimony? Her understanding of the testimony. Her testimony. Her testimony was that she says I was involuntarily removed. It was. What is your understanding of her testimony about her job responsibilities? You said that she never said that she didn't have to lift and bend and lift. She never said that. She never said that. She actually admitted that those were parts of her job functions. Did she request an accommodation with respect to the lifting requirement? No, she did not. So, I take it from that answer that there was never an interactive process about that point between her and the company because she didn't ask. That is correct. There was an interactive process in when she met with her manager and asked for the temporary hourly accommodation of only working daytime shifts and that was granted by Mr. Bergeron. Subsequently, she came to him and she said that she was having some difficulties. So, at that point, Mr. Bergeron and the company gave her the form for her doctor to fill out and as a result of her own doctor's restrictions is what led to her being placed on a leave of absence because there was no other. Did she request an ADA accommodation with respect to the lifting at that point? No, sir. Okay. Counsel, I understand your opponent to be arguing that, well, he does suggest, he does not think she was fully paid for her leave, although the court says that she was, but let's assume that she was fully paid. He says this is not about money or not money. He says she wanted to continue working. She did not want to be put on leave. She could do the work. She insists. So, how do you respond to the position that even if you're fully paid, if you're told you can't work, that that's an adverse employment action? I think that's what he's saying. How do you respond to that? It is not an adverse employment action, your honor. Actually, the question of fully paid was a misinterpretation by the trial court because what she received was full pay under the union. First of all, the first week she was out, long before the pregnancy issue arose or her job schedule, timing, the work schedule arose under UNUM. When she's out for the first week, she gets her full pay, paid by the company. Then she has to file with UNUM, which is an insurance company, fully paid by the employer. And for the first 13 weeks, she gets 100% salary. For the first 13 weeks, she gets 100% of her salary. And she received that for quite a while before this issue even arose. She was receiving that pay and she was fully incapacitated. So, the judge, your honor, the point Judge Howard was making, the trial judge was wrong when the court said that she was fully paid for this leave. You're telling us that's not accurate. She was not fully paid. She was fully paid under Costco's policies, but she did not get her total salary. Okay. At some point. That sounds like an adverse employment action. She's put on a leave that does not fully compensate her if she had been allowed to continue to work. No, she was not allowed to continue to work. She was not allowed to continue to work because of the restrictions imposed on her by her own physician. These were not Costco imposed restrictions. Yes, but you do acknowledge that there was an adverse employment action, right? We don't have to worry about that issue. Oh, no, I would say that that in effect is not in and of itself an adverse employment action, your honor, because an employee that has some sort of ADA restrictions or issues, she does not get the position that she wants. There's plenty of court cases by this circuit and by our district that the position that the employee wants is not automatically given to her. And also, there were no other vacant positions that she could fill with those restrictions available. As the district court held, she points out to several unknown, undisclosed employees who allegedly received similar or better treatment, but she could never define or state their names. And the court called them mystery employees. She was never able to say that someone similarly situated was treated better than she was. Well, very quickly, not to belabor a point, but if I understand your opposing counsel to say that she insisted in a deposition that she could perform, regardless of what the job description might be, she could perform the essential functions of the job. And there was some testimony or some acknowledgement from a supervisor that that was true. And so when the company says, no, no, you couldn't perform the essential functions of the job, there's a dispute there. And the judge seemed to have ignored that. Why doesn't that get you to a trial? Your Honor, because it really is not a dispute in that respect, whether the employee says I can perform the jobs, but if her position imposes restrictions on her ability to perform essential functions of the job, that should end the question. And there were a number of essential functions of the job she could not perform, and they have been well outlined in the exhibit and her deposition. It will be exhibit two to her deposition. Anything further, counsel? From my point, the only other point that I would make, Your Honor, is that the evidence of absence of discrimination is the fact that when her total complete leave ended, which is way beyond September 16, because she suffered some other unrelated pregnancy issues, she had to go to operation. She was granted, she asked for leaves, she was granted such leaves, and when she was finally given a clean bill of health by her suffered no reduction in pay, and as a result, and on top of that, she received a salary increase back in her position. All right, thank you. Welcome, sir. We will take the case under advisement. That concludes argument in this case. Attorney Cobo and Attorney Antonetti, you should disconnect from the hearing at this time.